**In re McDonald Ends FERGUSON, Debtor.**

**Sonya L. Salkin, Trustee, et al., Plaintiffs,**

v.

**VBX, Inc. d/b/a Fergo and d/b/a Fergo Athletics, et al., Defendants.**

**Bankruptcy No. 06–14392–JKO.**
**Adversary No. 07–01172–JKO–A.**

United States Bankruptcy Court, S.D. Florida, Fort Lauderdale Division.

May 14, 2008.

Patrick S Scott, Esq., David Marshall Brown, Esq., Ft. Lauderdale, FL, Miriam

Richter, Davie, FL, Mitchell E. Jacobs, Esq., Miami, FL, for Plaintiffs.·

SunTrust Bank, Miami, FL, pro se.

South Florida Regional Planning Council, Miami, FL, pro se.

Robert E. Goldman, Esq., Ft. Lauderdale, FL, D. Aun E. Clark, Esq., Plantation, FL, Joel S. Knee, Esq., Hollywood, FL, for Defendants.

### ORDER SCHEDULING HEARING ON DEFENDANTS' MOTION TO MODIFY AND PLAINTIFFS' MOTION TO STRIKE

JOHN K. OLSON, Bankruptcy Judge.

**THIS CASE** is before me on Defendants' Motion to Modify Order upon Discovery Conference to Require that Future Communication Be with Patrick Scott, Esq ("Defendants' Motion") [DE 160] and Plaintiffs' Motion to Strike [DE 167] ("Plaintiffs' Motion") Defendants' Motion.

I have previously entered orders at the request of the parties to require that communications between Mr. Goldman, counsel for the Defendants, and the Plaintiff's counsel, be conducted solely with Ms. Richter. I did so because I became satisfied that communication between Mr. Goldman and Mr. Jacobs was impossible.[1]

It is truly remarkable to me that the personal interactions among the lawyers in this case have more closely resembled those conducted in a marginally disfunctional elementary school playground than they have the behavior of licensed professionals conducting serious litigation in a federal court. I do not tar all equally with the same brush.[2] But so that the litigators here can understand some of my predilictions, a few words seem pertinent. First, the filing of a Bar grievance during the midst of a case (as Ms. Richter has apparently done, aimed at Mr. Goldman) smacks of running to the teacher when your classmate who sits two rows over stuck out his tongue at you during recess. The complaint may be fully justified (or not), but for goodness sake, can't it wait until the case is over (and perhaps the passions of the moment have cooled)? Next, the notion that "I won't talk to him/her because s/he's mean to me" is a developmental stage that third grade teachers[3] have to cope with: do the lawyers in this case really think that I should have to do so? So that the litigators in this case understand clearly what to expect at the hearing set below, my strong encouragement is that the parties suck it up, put their personal feelings aside, and get this case tried promptly.

Accordingly, it is **ORDERED** a hearing on the Defendants' Motion [DE 160] and Plaintiffs' Motion [DE 167] is scheduled on *May 20, 2008, at 1:30 p.m. before the Honorable Judge John K. Olson at the United States Bankruptcy Court, 299*

1. Indeed, I have been able to comprehend very little of what Mr. Jacobs has said to me in court and can only assume that the amazing vagueness and obscurity of his arguments made to date in court are not clearer in communication with his adversary.

2. Mr. Scott, who represents solely the Trustee, Sonya Salkin, has been a model of decorum and clarity. Mr. Brown, co-counsel with Mr. Jacobs and Ms. Richter, has been largely quiet.

3. Actually, "plays well with others" is a kindergarten-standard development measure. I have escalated it to third grade here because I view preparation for trial as akin to working on a joint project.

*East Broward Blvd. Courtroom 301, Ft. Lauderdale, Florida 33301.*